UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.A.V PETROLEUM INC. | Docket No.: |
| Plaintiff, | **COMPLAINT** |
| - against - | **Plaintiff Demands Trial by Jury** |
| NORGUARD INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, J.A.V PETROLEUM INC., by their attorney, the Law Office of Craig A. Blumberg, as and for their Complaint against defendant, NORGUARD INSURANCE COMPANY, sets forth as follows:

1. Plaintiff, J.A.V PETROLEUM INC., was and is a New York Corporation authorized to do business in the State of New York, having its principal place of business at 655 Broadway, Amityville, New York, 11701, County of Suffolk.

2. Defendant, NORGUARD INSURANCE COMPANY, was and is an insurance company doing business in the State of New York and issuing polices in the State of New York, with its principal place of business at 16 South River Street, Wilkes-Barre, Pennsylvania, 18702.

## JURISDICTION

3. The United States District Court, Eastern District of New York, has jurisdiction over the within action by virtue of diversity of citizenship pursuant to 28 U.S.C. §1332, and the fact that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## VENUE

4. Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. §1391 as the Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred and/or a substantial part of the property that is the subject of this action is situated.

## OPERATIVE FACTS

5. At all relevant times, plaintiff, J.A.V PETROLEUM INC., owned the building located at, and operated the business located at 655 Broadway, Amityville, New York. (the "Premises").

6. At all relevant times, plaintiff had an insurable interest in the Building, Business Personal Property and Business Income/Extra Expense at the Premises.

7. On or about October 22, 2016, defendant for good and valuable consideration made and issued plaintiff a certain policy of insurance bearing Policy No. JABP789610, wherein and whereby it insured plaintiff for all risks of loss set forth therein for the premises at 655 Broadway, Amityville, New York, with respect to the Building up to an amount of $663,000, Business Personal Property up to an amount of $70,000 and Business Income/Extra Expense up to twelve months, plus any applicable extensions, endorsements, increases set forth in the policy.

8. On or about July 28, 2017, while said policy was in full force and effect, plaintiff suffered damages at the Premises caused by fire and its effects.

9. Plaintiff suffered damages in the amount of at least $180,214.78 for Building, $70,000 for Business Personal Property and Business Income/Extra Expense to be determined.

10. Thereafter, plaintiff made claim to defendant for said losses to the Building, Business Personal Property and Business Income/Extra Expense.

11. Plaintiff has fully complied with the policy provisions.

12. Defendant issued a denial letter dated August 15, 2017, and has refused to pay plaintiff's damages, although duly demanded.

### First Cause of Action

13. Such refusal is in breach of the contract of insurance.

14. By reason thereof, plaintiff suffered damages in the amount of at least $180,214.78 for Building, $70,000 for Business Personal Property and Business Income/Extra Expense to be determined.

### Second Cause of Action

15. By mutual mistake and inadvertence, the Policy included a Protective Safeguards Endorsement relating to requirements that the insured premises contain an "Automatic Fire Alarm" and/or a "Local Fire Alarm".

16. Said Protective Safeguards Endorsement should not have been included in the Policy and was the result of a mutual mistake on the part of the parties.

17. At all times while the Policy was in effect, neither the plaintiff nor the defendant intended the Policy to include said Protective Safeguards Endorsement.

18. As a result of this mistake, the policy must be reformed so that the Protective Safeguards Endorsement is removed from the Policy as of the date of the issuance thereof.

19. As a result of this mistake and reformation of the policy, the loss to plaintiff's premises should and would be covered under the Policy.

20. By reason thereof, plaintiff suffered damages in the amount of at least $180,214.78 for Building, $70,000 for Business Personal Property and Business Income/Extra Expense to be determined.

**WHEREFORE,** plaintiff demands judgment against defendant in the sum of at least $180,214.78 for Building, $70,000 for Business Personal Property and Business Income/Extra Expense to be determined, with interest from July 28, 2017, together with such other, further and different relief as to the court may appear justified under the circumstances, and the costs and disbursements of this action.

Dated: New York, New York
      August 29, 2017

Yours, etc.,

_____
CRAIG A. BLUMBERG
Law Office of Craig A. Blumberg
Attorneys for Plaintiff
15 Maiden Lane, 20th Floor
New York, NY 10038-4003
(212) 346-0808